IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRETT ALAN HODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-26-00010-JD |
| ) | |
| US COURT WESTERN DISTRICT, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Plaintiff Brett Alan Hodson, appearing pro se, filed his Complaint [Doc. No. 1] on January 5, 2026. Upon review, the Court strikes the Complaint for failure to comply with Federal Rule of Civil Procedure 8 and controlling Supreme Court and Tenth Circuit precedent.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) further requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

In reviewing the Complaint, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of pro se complaints. However, the Court may not "supply additional factual allegations to round out a plaintiff's complaint . . . ." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff's Complaint consists of conclusory allegations, without supporting factual assertions explaining who engaged in the alleged conduct, what actions were taken, when they occurred, or how those actions plausibly give rise to a cognizable legal claim. The Complaint therefore fails to state a plausible claim for relief under *Twombly* and *Iqbal*.

Accordingly, the Court STRIKES Plaintiff's Complaint [Doc. No. 1]. However, the Court will give Plaintiff an opportunity to cure the deficiencies by filing an amended complaint by the deadline set forth in this Order.

IT IS THEREFORE ORDERED that Plaintiff is granted leave to file an amended complaint by **January 27, 2026**, as set forth in this Order. Failure to file an amended

complaint by January 27, 2026, complying with this Order and the authorities referenced herein will result in the dismissal of this action without prejudice. The Court specifically warns Plaintiff that failure to comply with the rules of procedure and court orders will result in the dismissal of his case without prejudice. *See* Fed. R. Civ. P. 16(f); 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the "'inherent power' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

IT IS SO ORDERED this 6th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE